UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL HAYWOOD                                           CIVIL ACTION

versus                                                    NO. 11-498

TERRY TERRELL, WARDEN,                                    SECTION: "A" (1)
ALLEN CORRECTIONAL CENTER

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michael Haywood, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On June 24, 2004, he was convicted of manslaughter under Louisiana law.[1] He was thereafter found to be a second offender[2] and was sentenced as such to a

---

[1] See State v. Haywood, 907 So.2d 168, 169 (La. 2005) (No. 2004-KA-2097); State Rec., Vol. I of III.

[2] State Rec., Vol. III of III, transcript of August 20, 2004, p. 20.

term of twenty years imprisonment.³  On June 15, 2005, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.⁴

Petitioner then took no further action with respect to his conviction until March 6, 2006, when he filed "An Application for Extension of Time in Which to File Application for Writ of Certiorari" with the Louisiana Supreme Court.⁵  He then submitted another copy of that same filing to the Louisiana Supreme Court in April of 2006.⁶  However, at some point thereafter, he apparently contacted the Louisiana Supreme Court asking that his applications be dismissed.  In response, the Court's Central Staff then sent him a letter stating:

> We are returning your papers to you unfiled.  You should be aware that dismissal of your application for writs may prejudice you in that any later filing may be untimely under La.C.Cr.P. art. 930.8.  If you still wish to have your application dismissed, resubmit your request with a copy of this letter.⁷

---

³ State Rec., Vol. III of III, transcript of September 3, 2004, p. 2.

⁴ State v. Haywood, 907 So.2d 168 (La. 2005) (No. 2004-KA-2097); State Rec., Vol. I of III.

⁵ State Rec., Vol. I of III.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned with certainty from the record with respect to the state court filings in this case, the Court will use the signature dates as the filing dates, in that the applications were obviously placed in the mail no earlier than the date they were signed.

⁶ State Rec., Vol. I of III.

⁷ State Rec., Vol. I of III, letter to petitioner from the Louisiana Supreme Court Central Staff dated August 23, 2006.

Petitioner then complied with those instructions on October 4, 2006, by sending a letter to the Clerk of the Louisiana Supreme Court, stating:

> Please be advised that I am desirous to withdraw the Application for Extension of Time in Which to File Writ of Certiorari.
>
> I am aware of the warning given in your correspondence of 23 August 2006 and hereby re-assert my desire and intent to withdraw same.
>
> Thanking you in advance for your usual prompt attention and cooperation.[8]

In light of petitioner's request for dismissal, the Louisiana Supreme Court entered an order denying his applications on October 27, 2006.[9]

In the interim, petitioner had returned to the state district court to file a post-conviction application on October 4, 2006.[10] When the court failed to rule on that application, he filed a writ of mandamus with the Louisiana Fourth Circuit Court Appeal.[11] Rather than rule on the request for mandamus relief, the Court of Appeal instead simply reviewed petitioner's underlying

---

[8] State Rec., Vol. I of III, letter to the Louisiana Supreme Court from petitioner dated October 4, 2006.

[9] State *ex rel.* Haywood v. State, 939 So.2d 1277 (La. 2006) (No. 2006-KH-0966); State Rec., Vol. I of III.

[10] State Rec., Vol. II of III.

[11] State Rec., Vol. II of III.

post-conviction claims and denied them on the merits on January 26, 2007.[12] The Louisiana Supreme Court then denied his related writ application on November 16, 2007.[13]

However, apparently unaware that the state's appellate courts had already rejected petitioner's post-conviction claims on the merits, the state district court held an evidentiary hearing on those same claims on October 9, 2008,[14] and subsequently denied relief. Because the appellate courts had already reviewed and rejected the claims on the merits in 2007, his related writ applications were thereafter rejected as repetitive by the Louisiana Fourth Circuit Court of Appeal on September 11, 2009,[15] and by the Louisiana Supreme Court on September 24, 2010.[16]

On December 5, 2010, petitioner filed the instant federal application for *habeas corpus* relief claiming that he received ineffective assistance of counsel at trial.[17] The state argues that the application is untimely.[18] The state is correct.

---

[12]  State v. Haywood, No. 2006-K-1598 (La. App. 4th Cir. Jan. 26, 2007); State Rec., Vol. II of III.

[13]  State *ex rel.* Haywood v. State, 967 So.2d 517 (La. 2007) (No. 2007-KH-0381); State Rec., Vol. II of III.

[14]  State Rec., Vol. III of III, transcript of October 9, 2008.

[15]  State v. Haywood, No. 2009-K-1106 (La. App. 4th Cir. Sept. 11, 2009); State Rec., Vol. III of III.

[16]  State *ex rel.* Haywood v. State, 45 So. 3d 1065 (La. 2010) (No. 2009-KH-2187); State Rec., Vol. III of III.

[17]  Rec. Doc. 5. A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner alleges that he placed his application in the prison mail system on December 5, 2010. Rec. Doc. 5, p. 15.

[18]  Rec. Doc. 16.

post-conviction claims and denied them on the merits on January 26, 2007.[12] The Louisiana Supreme Court then denied his related writ application on November 16, 2007.[13]

However, apparently unaware that the state's appellate courts had already rejected petitioner's post-conviction claims on the merits, the state district court held an evidentiary hearing on those same claims on October 9, 2008,[14] and subsequently denied relief. Because the appellate courts had already reviewed and rejected the claims on the merits in 2007, his related writ applications were thereafter rejected as repetitive by the Louisiana Fourth Circuit Court of Appeal on September 11, 2009,[15] and by the Louisiana Supreme Court on September 24, 2010.[16]

On December 5, 2010, petitioner filed the instant federal application for *habeas corpus* relief claiming that he received ineffective assistance of counsel at trial.[17] The state argues that the application is untimely.[18] The state is correct.

---

[12] State v. Haywood, No. 2006-K-1598 (La. App. 4th Cir. Jan. 26, 2007); State Rec., Vol. II of III.

[13] State *ex rel.* Haywood v. State, 967 So.2d 517 (La. 2007) (No. 2007-KH-0381); State Rec., Vol. II of III.

[14] State Rec., Vol. III of III, transcript of October 9, 2008.

[15] State v. Haywood, No. 2009-K-1106 (La. App. 4th Cir. Sept. 11, 2009); State Rec., Vol. III of III.

[16] State *ex rel.* Haywood v. State, 45 So. 3d 1065 (La. 2010) (No. 2009-KH-2187); State Rec., Vol. III of III.

[17] Rec. Doc. 5. A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner alleges that he placed his application in the prison mail system on December 5, 2010. Rec. Doc. 5, p. 15.

[18] Rec. Doc. 16.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[19] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

---

[19] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).  In the instant case, petitioner filed nothing with the Louisiana Supreme Court within thirty days of the Court of Appeal's decision of June 15, 2005. Therefore, his state criminal judgment became final for the purposes of the AEDPA on July 15, 2005, and limitations period for seeking federal *habeas corpus* relief began on that date.  See id. at 317-18.  That period then expired one year later, i.e. on July 17, 2006,[20] unless that deadline was extended through tolling.

      The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

      Petitioner's only filings in state court during that one-year period were his applications for an extension of time to file an application for a writ of certiorari with the Louisiana Supreme Court.  As noted previously, he filed those applications in March and October of 2006; however, they were dismissed at his request in October of 2006.  Having withdrawn his applications for extensions, he never actually filed an application for writ of certiorari with the Louisiana

---

[20] Because July 15, 2006, fell on a Saturday, the federal limitations period was extended through the following Monday, July 17, 2006.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

Supreme Court, and he expressly acknowledges in his federal application that he ultimately "abandoned his Appeal after he was denied by the Fourth Circuit."[21]

Those applications obviously do not entitle petitioner to any tolling credit under § 2244(d)(2). As the United States Fifth Circuit Court of Appeals has noted, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Petitioner's applications for extensions of time were filed as part of the *direct review proceedings*, in that he intended to seek review of the Court of Appeal's judgment affirming his conviction and sentence. Accordingly, § 2244(d)(2) is simply inapplicable.[22]

That said, this Court can envision one scenario under which petitioner could *arguably* be entitled to statutory tolling. One could perhaps argue that petitioner's filing deadline was extended for an additional eighty-six (86) days beyond the normal deadline due to former Chief Judge Helen G. Berrigan's suspension of all prescriptive periods in this Court from September 1, 2005, through November 25, 2005, as a result of Hurricane Katrina. See, e.g., Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008). If so, petitioner's federal limitations period would have had a total of four hundred fifty-one (451) days, i.e. the normal three hundred sixty-five (365) days provided in the AEDPA plus the additional eighty-six (86) "Katrina"

---

[21] Rec. Doc. 5, p. 7.

[22] Another point must also be made. In Butler, the United States Fifth Circuit Court of Appeals held that a petitioner deserves no tolling credit whatsoever for a *substantive* writ application untimely filed in connection with his direct review proceedings. Butler, 533 F.3d at 320. It therefore necessarily follows that petitioner would be even less entitled to tolling. His filings were nothing more than untimely *requests for extensions of time to file a substantive application at some point in the future*. Moreover, even those filings were ultimately dismissed at his own request without any such substantive application ever being filed.

days granted by Judge Berrigan.  Under that scenario, his federal deadline would not have expired until October 9, 2006.  In that event, he therefore would have been entitled to statutory tolling for his state post-conviction application filed October 4, 2006.

However, even under that generous scenario, petitioner's federal application would still be untimely.  At the time that state post-conviction application was filed on October 4, 2006, four hundred forty-five (445) of his "extended" limitations period of four hundred fifty-one (451) days had already elapsed.  Therefore, even if the Court were to grant statutory tolling from that October 4 filing date until the Louisiana Supreme Court denied relief on September 24, 2010,[23] petitioner would have had only six (6) days of his limitations period remaining when the period resumed.  Because he then filed no other state applications during that six-day period which would entitle him to further statutory tolling, petitioner's federal limitations period would have expired no later than September 30, 2010, long before he filed his federal application on December 5, 2010.

---

[23] At the very latest, tolling ceased on the date the Louisiana Supreme Court denied relief, because a petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

That said, it is fairly obvious that petitioner is not in fact entitled to tolling for that extended period because his state application was not "pending" for that entire time.  Rather, it seems more accurate to find that tolling ceased when the Louisiana Supreme Court first denied relief on November 16, 2007.  From that point, the application clearly was no longer "pending" in any sense of the word until the state district court, apparently unaware that the appellate courts had already adjudicated petitioner's claims on the merits, "resurrected" the long dead application at some unknown point in 2008.  Nevertheless, as noted herein, *even if* petitioner is given tolling credit for the *entire* period, his federal application is *still* untimely.

In light of the foregoing, petitioner's federal application cannot be found timely based solely on statutory tolling. Therefore, his application is timely only if *equitable* tolling is also warranted. It is not.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

For all of these reasons, the Court finds that petitioner's federal application for *habeas corpus* relief had to be filed by September 30, 2010, in order to be even arguably timely. Because his federal application was filed no earlier than December 5, 2010, it is clearly untimely and should be dismissed on that basis.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Michael Haywood be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this eleventh day of October, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.